The opinion of the Court was delivered by
Dunkin, Ch.
In reference to the complainant’s ground of appeal, and the first ground of appeal on the part of the defendants, this Court is entirely satisfied with the views and the conclusions of the Chancellor.
Assuming that the legal representative of John Riddle, the elder, is now before the Court, and relied upon the plea of the statute of limitations, in the same manner as the intestate did, it seems to the Court that it was properly overruled. John Riddle was the administrator cum testamento annexo of his brother "James Riddle, under whose will the plaintiff claims. He was a direct, technical .trustee, and, as such, could never avail himself of the statute so. long as that relation subsisted. If the complainant had not filed a bill for account until June, 1850, she would be entitled to relief unless the defendant could establish some act on his part purporting to be a discharge of his trust, or unless such a length of time had elapsed as would authorize the Court to presume the demand satisfied. The latter is not suggested, and the position would be obviously untenable from the condition of the parties. Nor could it, with *37 more reason be surmised that he had done any act ’purporting to be a discharge of his trust. It is true that, after the death of plaintiff’s brother (a minor,) and when the plaintiff was about eleven years of age, the administrator made his first and only 'return to. the Ordinary. It did not purport to be, and could not be, a settlement of the estate, or a discharge of, the duties which he had assumed when he undertook to execute the will of his brother. If an ex parte return to the Ordinary, in which an executor or administrator strikes a balance against the estate, should be regarded as a discharge of his trust, from which time the statute would run against a bill to account, it would be an alarming disclosure, as well to creditors as to legatees and distributees of the deceased. But the defendants have not insisted on this; nor is any other act of discharge suggested. The complainant was not bound to file her bill within four years after she arrived of age, and could only be precluded by such lapse of time as would bar m any other case of direct trust. Whatever was due to the complainant constituted a debt at the time of the execution of the deed to J. W. Cantey, who, thereby and by the express provisions thereof, became a trustee for the creditors of John Riddle, and, for the reasons stated, the statute could not avail him against the complainant’s demand.
It is ordered and decreed, that the decree of the Circuit Court be affirmed and the appeal dismissed.
Johnston, Dargan and Wardlaw, CC., concurred.

Decree affirmed,